**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**
**2015 MSPB 61**

Docket No. DC-0831-15-0331-I-1

**Jacquelynn Suzette McDaniel,**

**Appellant,**

**v.**

**Office of Personnel Management,**

**Agency.**

December 1, 2015

Jacquelynn Suzette McDaniel, Washington, D.C., pro se.

Kristine Prentice, Washington, D.C., for the agency.

**BEFORE**

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

**OPINION AND ORDER**

¶1      The appellant has filed a petition for review of the initial decision, which affirmed the reconsideration decision of the Office of Personnel Management (OPM) that denied her application for a lump-sum payment under the Civil Service Retirement System (CSRS).  For the reasons set forth below, we DENY the petition for review and AFFIRM the initial decision.

BACKGROUND

¶2      The appellant's father retired from Federal service, effective July 2, 2008, under CSRS.  Initial Appeal File (IAF), Tab 13 at 33.  He designated the appellant as the sole beneficiary of any lump-sum benefit payable after his death.

*Id.* at 20.  He died on January 15, 2009.  *Id.* at 21.  He also was father to a minor child, B.P., who was born on October 16, 1998.[1]  *Id.* at 27.  He formerly was married to B.P.'s mother, who is still living, but they divorced in 2002.  *Id.* at 26-27.

¶3        In March 2009, the appellant filed an application with OPM for death benefits based upon her father's Federal service.  *Id.* at 22-25.  OPM denied the application on May 1, 2009, finding that a lump-sum payment of retirement contributions is not payable when a former employee has children who are entitled to monthly annuity payments and that, in this instance, B.P. is entitled to such payments.  *Id.* at 17.  On November 20, 2014, OPM issued a reconsideration decision affirming its initial decision.  *Id.* at 6-8.

¶4        The appellant filed an appeal with the Board regarding OPM's reconsideration decision.  IAF, Tab 1.  She asserted that B.P. is entitled to "a child annuity . . . under the Act of May 29, 1930, as amended from and after February 28, 1948" (the Act) and that 5 C.F.R. § 831.2003 does not preclude concurrent payment of an annuity under the Act and a lump-sum benefit pursuant to 5 U.S.C. § 8342(c).  *Id.* at 8-11; IAF, Tab 5 at 6-8.  She argued, therefore, that OPM's reconsideration decision was erroneous.  IAF, Tab 1 at 8-11, Tab 5 at 9-10.  She also requested a hearing.  IAF, Tab 1 at 2.

¶5        After holding the requested hearing telephonically, the administrative judge issued an initial decision affirming OPM's reconsideration decision, finding that the appellant failed to meet her burden to establish entitlement to the lump-sum benefit she sought.  IAF, Tab 21, Initial Decision (ID).  The administrative judge rejected the appellant's argument that B.P.'s entitlement to an annuity had no effect on her entitlement to a lump-sum payment.  ID at 7-8.  The administrative judge concurred with OPM's conclusion that B.P. is entitled to a survivor annuity

---

[1] The appellant was born in 1975.  IAF, Tab 13 at 22.

under 5 U.S.C. § 8341 and thus, pursuant to 5 C.F.R. § 831.2003, the appellant cannot receive a lump-sum payment unless B.P.'s survivor annuity entitlement terminates before B.P. receives payments in an amount equal to her father's lump-sum credit in the Civil Service Retirement and Disability Fund (Retirement Fund).  ID at 8.

¶6        The appellant has filed a petition for review.  Petition for Review (PFR) File, Tab 1.  She contends that:  (1) B.P. "is not defined as a survivor annuitant" for the purposes of 5 C.F.R. § 831.2003 because B.P. "is not receiving a benefit authorized under" 5 U.S.C. § 8341(e)(2); and  (2) 5 C.F.R. § 831.2003 does not preclude her from receiving a lump-sum payment while B.P. receives an annuity under the Act.  *Id.* at 8-14, 17-19.  She argues that the administrative judge abused her discretion and failed to comply with required procedures by: (1) denying her request for a witness from OPM to testify about OPM's annuity payments to B.P. and the statutory authority for those payments; and (2) failing to sanction OPM for its failure to submit a narrative response or a prehearing statement.  *Id.* at 13-14, 16-17.  OPM filed a pro forma response in opposition to the petition for review, to which the appellant replied.  PFR File, Tabs 4-5.

## ANALYSIS

¶7        The appellant argues that, pursuant to 5 U.S.C. § 8342(c), she is entitled to a lump-sum payment based upon her father's Federal service because she was his designated beneficiary.  PFR File, Tab 1 at 21, 23, 26.  It is true that, under 5 U.S.C. § 8342(c), designated beneficiaries come first in the order of precedence for receipt of a lump sum.  However, a lump-sum benefit from the Retirement Fund is payable to the survivor(s) in the order of precedence described in section 5 U.S.C. § 8342(c) only if "there is no survivor who is entitled to monthly survivor annuity benefits on the death of [the] former employee."  5 C.F.R. § 831.2003(a); *see* 5 U.S.C. § 8342(d)-(e).  If an employee dies after retiring under CSRS and is survived by a former spouse who is the

natural or adoptive parent of a surviving child of the employee, that surviving child is entitled to a survivor annuity. 5 U.S.C. § 8341(e)(2). There is no dispute that: (1) the appellant's father died after his retirement from Federal service under CSRS; and (2) he is the father of a child whose still-living mother is his former spouse. IAF, Tab 13 at 21, 26-27, 33. Accordingly, we agree with the findings of OPM and the administrative judge that no lump-sum credit is currently payable to the appellant because B.P. is a survivor who became entitled under 5 U.S.C. § 8341(e)(2) to monthly survivor annuity benefits upon the death of their father.[2]

¶8        As to the appellant's contention that B.P. is receiving death benefits pursuant to section 12, subsection (c)(3) of the Act, rather than a survivor annuity under 5 U.S.C. § 8341(e)(2), PFR File, Tab 1 at 19, we agree with the administrative judge's finding that there is no such evidence in the record, ID at 7-8. However, assuming arguendo that the appellant is correct, her argument still must fail. As an initial matter, the section of the Act on which the appellant relies specifies that before a lump-sum payment is payable, "the right of all persons entitled to an annuity . . . shall terminate." An Act to Amend the Civil Service Retirement Act of May 29, 1930, Pub. L. No. 426, § 12(e)(2), 62 Stat. 48, 56 (1948). This condition has not been met here. Indeed, the appellant explicitly claims that B.P. "is entitled to receive an annuity under the Act." PFR File, Tab 1 at 19. Further, regardless of whether B.P. actually has received a survivor annuity under 5 U.S.C. § 8341(e)(2), she nonetheless is *entitled* to receive it, which is all that 5 C.F.R. § 831.2003(a) requires.

---

[2] B.P. is currently under 18 years of age and she could remain entitled to the annuity benefits until age 22, and possibly longer. *See* 5 U.S.C. § 8341(a)(4). If all annuity rights have terminated before the total annuity paid equals the lump-sum credit in the Retirement Fund based upon the appellant's father's Federal service, then it appears that the appellant could receive a lump-sum payment of the remaining balance. *See* 5 U.S.C. § 8342(e).

¶9        The appellant's claims concerning the denial of her requested witness, and the administrative judge's refusal to sanction the agency for its failure to submit a narrative response and a prehearing statement, do not establish a basis for review.[3] *See generally Vaughn v. Department of the Treasury*, 119 M.S.P.R. 605, ¶ 13 (2013) (declining to find that an administrative judge abused his discretion in denying witnesses in the absence of a showing that their testimony would have been relevant, material, and nonrepetitious); *Wagner v. Department of Homeland Security*, 105 M.S.P.R. 67, ¶ 9 (2007) (observing that the Board ordinarily will not disturb an administrative judge's decision regarding sanctions). Even if these were errors, which we do not believe they were, the appellant has not shown that she suffered any harm as a result. *See Panter v. Department of the Air Force*, 22 M.S.P.R. 281, 282 (1984) (holding that an adjudicatory error that is not prejudicial to a party's substantive rights provides no basis for reversal of an initial decision). Her concern seems to be that she was unable to adduce evidence that OPM did not issue annuity payments to B.P. pursuant to 5 U.S.C. § 8341. However, as explained above, the only relevant question is whether B.P. is entitled to such benefits, which we have found that she is.

¶10       Based on the foregoing, we discern no basis to disturb the initial decision affirming OPM's reconsideration decision and, as such, we deny the appellant's petition for review.

---

[3] The appellant also states, without further explanation, that she was denied discovery. PFR File, Tab 1 at 12. She does not identify any information she could have obtained via discovery that would have warranted a different outcome in this matter, and there is no evidence that she filed a motion to compel below. Thus, this argument provides no basis for reversal of the initial decision. *See Szejner v. Office of Personnel Management*, 99 M.S.P.R. 275, ¶ 5 (2005), *aff'd*, 167 F. App'x 217 (Fed. Cir. 2006).

ORDER

This is the final decision of the Merit Systems Protection Board in this appeal. Title 5 of the Code of Federal Regulations, section 1201.113(c) (5 C.F.R. § 1201.113(c)).

NOTICE TO THE APPELLANT REGARDING
YOUR FURTHER REVIEW RIGHTS

You have the right to request review of this final decision by the U.S. Court of Appeals for the Federal Circuit. You must submit your request to the court at the following address:

United States Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

The court must receive your request for review no later than 60 calendar days after the date of this order. *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012). If you choose to file, be very careful to file on time. The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed. *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you need further information about your right to appeal this decision to court, you should refer to the Federal law that gives you this right. It is found in title 5 of the United States Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012). You may read this law as well as other sections of the United States Code, at our website, http://www.mspb.gov/appeals/uscode/htm. Additional information is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website

at   http://www.mspb.gov/probono   for   information   regarding   pro   bono representation for Merit Systems Protection Board appellants before the Federal Circuit.    The Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.


FOR THE BOARD:


_____
William D. Spencer
Clerk of the Board
Washington, D.C.